Tagged Opinion



**ORDERED in the Southern District of Florida on June 05, 2008.**

                                                            **Robert A. Mark, Judge**
                                                     **United States Bankruptcy Court**

_____

```
              UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA
                      MIAMI DIVISION

_____  )
                                 )
                                 )
In re:                           )   CASE NO.  08-10258-BKC-RAM
                                 )   CHAPTER   7
MARIO HERRERA and DEBORAH        )
HERRERA,                         )
                                 )
                                 )
             Debtors.            )
                                 )
_____  )

             ORDER (1) DENYING DEBTOR'S
         MOTION FOR CONTEMPT BUT COMPELLING
       ATTORNEY FULLERTON TO TURNOVER DOCUMENTS;
     AND (2) DENYING FULLERTON'S MOTION FOR SANCTIONS

     The motions before the Court raise three issues: (1) Can an

attorney in possession of a Chapter 7 debtor's documents refuse

to turn over the documents based upon the attorney's retaining

lien; (2) if turnover is required, is the attorney entitled to a

replacement lien or administrative expense claim; and (3) if so,

how should the court value the replacement lien or administrative

expense.
```

**Factual and Procedural Background**

Prior to the filing of this Chapter 7 case on January 10, 2008, Peter Fullerton ("Fullerton") represented Mario and Deborah Herrera ("the Debtors") in defense of a state court lawsuit. Fullerton claims he is owed $48,860.48 for prepetition legal services. In connection with his representation of the Debtors, Fullerton has in his possession documents relating to the Debtors. These documents include financial records which the Debtors provided to Fullerton, including bank statements and copies of tax returns (the "Financial Records"). Fullerton asserts a retaining lien on the documents, including the Financial Records, to secure payment of his fees.

Debtors need the Financial Records to complete their Schedules and Statement of Financial Affairs. The Chapter 7 trustee ("Trustee") has not demanded turnover of the documents from Fullerton, but he has continued the §341 Meeting on several occasions so that the Debtors' filings could be completed or supplemented with the information in the Financial Records.

The issues before the Court are framed in the following papers:

A.  Debtors' Motion to Hold Creditor Peter Fullerton in Contempt for Violation of the Automatic Stay ("Motion for Contempt and Turnover") [CP# 38]; and

B.  Peter Fullerton's Response to [Motion for Contempt and Turnover] and Motion for Sanctions ("Motion for Sanctions") [CP#

2

52].

The motions were argued at a hearing on April 29, 2008.  The Court has considered the record, reviewed applicable law, and considered the arguments of counsel presented at the April 29th hearing.

### Discussion

Neither the Debtors nor Fullerton adequately addressed or properly interpreted applicable law in their papers.  The Debtors are incorrect in their assertion that Fullerton's claim of lien is non-existent because of the bankruptcy.  A valid state law retaining lien is not extinguished or voided by the filing of a bankruptcy case.  In re Olmstead Utility, Inc., 127 B.R. 808, 811 (Bankr. N.D.Ohio 1991).  Conversely, Fullerton is incorrect in asserting that the lien is fully enforceable, and turnover is not required, when a debtor files bankruptcy.  Rather, as discussed more fully below, turnover of the documents is required, notwithstanding the lien, but Fullerton may be entitled to a replacement lien or administrative expense measured by the value the documents provide, if any, in revealing assets or assisting in the administration of the estate.

The first issue - must Fullerton turn over the documents - is easily resolved.  11 U.S.C. §542(e) provides that:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs,

3

to turn over or disclose such recorded information to the trustee.

Fullerton argues that this section is inapplicable here since §542(e) provides authority for a trustee to obtain documents, not authority for a debtor to demand production. Nevertheless, the Court finds that the turnover obligation exists in this case since the prepetition documents are property of the estate and clearly necessary for the administration of the case. Presumably, the Trustee would adopt the request for turnover of the documents, if required to, but requiring this extra step will simply add additional cost and delay.

Thus, notwithstanding the retaining lien, §542(e) of the Bankruptcy Code authorizes the Court to order Fullerton to turn over the Financial Documents since they relate to the Debtors' property or financial affairs. As noted by Judge Cristol in <u>In re Jarax International, Inc.</u>, 81 B.R. 715 (Bankr. S.D.Fla. 1987) the legislative history of this section reveals that Congress was fully aware that compelling turnover could affect state law retaining liens:

> [Section 542(e)] is a new provision that deprives accountants and attorneys of the leverage that they have today, under state law lien provisions, to receive payment in full ahead of other creditors when the information they hold is necessary to the administration of the estate.

<u>Jarax</u>, 81 B.R. at 717 (quoting H.R. Rep. No. 95-595, at 369-70 (1977), <u>as reprinted in</u> 1978 U.S.C.C.A.N. 6325-261). Thus, the Bankruptcy Code and federal bankruptcy policy prevail over the

4

state common law lien.  Id. at 718.

The second issue is whether Fullerton is entitled to a replacement lien or administrative expense.  Compelling turnover of the Financial Records does not mean that the lien is extinguished or ignored.  The Bankruptcy Code preserves valid state law liens to the extent they are consistent with the Code.  Olmstead, 127 B.R. at 813.  Thus, the Court finds that Fullerton is entitled to an administrative expense in consideration for turning over the documents subject of his lien.

The final and most difficult issue is how to value the lien in determining the amount of the administrative expense.  Courts have struggled to value retaining liens in bankruptcy cases because they are not like typical liens on property which can be valued and sold.  As noted in Olmstead, "the value of the retaining lien ... bears no relationship to any sort of market concept.  The value is solely a function of the client's need.  The closest analogy is ransom, not sale."  Olmstead, 127 B.R. at 812.  The papers themselves usually have no intrinsic value; they merely provide a means for coercing payment of attorneys fees.  Thus, the Bankruptcy Code sections typically applied in valuing liens, including §506, just don't fit in valuing retaining liens.  Id.

The Court has reviewed the limited case law on this issue.  One court has held that an attorney forced to turn over files is entitled to an administrative expense in the amount of his unpaid

professional fees. <u>Matter of Matassini</u>, 90 B.R. 508 (Bankr. M.D.Fla. 1988). Another court required cash payments to compensate for the decrease in the value of the lien upon turnover of the documents with decrease in value "deemed to be that portion of unpaid attorney's fees attributable to the creation of the specific documents involved." <u>In re Life Imaging Corp.</u>, 31 B.R. 101, 103 (Bankr. D.Colo. 1983).

By contrast, the <u>Jarax</u> and <u>Olmstead</u> decisions cited earlier denied the attorney's request for a replacement lien or administrative expense measured by the amount of the unpaid fees. These cases preserved the attorney's right to seek a replacement lien or administrative expense measured by the value, if any, that the documents have in assisting in the recovery of assets by the estate. <u>Olmstead</u>, 127 B.R. at 813; <u>Jarax</u>, 81 B.R. at 718.

This Court agrees with the approach in <u>Jarax</u> and <u>Olmstead</u>, and finds that the value of the documents to the estate, not the amount of the unpaid legal fees, is the appropriate measure. Judge Cristol observed in <u>Jarax</u> that to require a debtor or trustee to grant a lien or administrative expense measured by the prepetition fees owed to the attorney "does not consider the actual economic value to the estate of the documents, an appraisal which can be accurately performed only at the time claims are allowed, late in the administration of the case." <u>Id.</u>

In the present case, the Debtors are seeking turnover of the Financial Records which they gave to Fullerton. The Financial

6

Records are necessary to enable the Debtors to complete their Schedules and Statement of Financial Affairs which must be accomplished before the trustee can conclude the first meeting of creditors.  These documents may have no economic value to the estate, but are nevertheless essential to administration of the estate and therefore, must be released.

For the foregoing reasons, it is -

**ORDERED** as follows:

1.   The Motion for Contempt and Turnover is granted in part.  To the extent not already done,[1] Fullerton shall assemble the Debtors' Financial Records and either deliver them to Debtors' counsel, Mr. Russo, or make them available for Mr. Russo or the Debtors to pick up.

2.   Unless otherwise ordered, Fullerton will not be required to copy and turn over any documents prepared by Fullerton in his legal representation of the Debtors.  This Order only applies to the Financial Records or other documents which the Debtors furnished to Fullerton.

3.   If this case becomes an asset case and a deadline to file claims is issued, Fullerton may file a claim, including an administrative expense claim, seeking administrative expense status to the extent he can demonstrate that the documents he was

---

[1]   The Court announced its ruling at the conclusion of the April 29th hearing and has been advised that the documents have been turned over based upon the bench ruling.

required to turn over contributed to the recovery of assets administered in the case.

    4.   To the extent the Motion for Contempt sought sanctions against Fullerton, the Motion is denied.  Fullerton was not in contempt of any Court Order or statute in retaining the documents until the issue was brought before the Court.

    5.   Fullerton's Motion for Sanctions is denied.

    6.   The Debtors shall promptly file an Amended Statement of Financial Affairs and Amended Schedules, if necessary, incorporating the information obtained from the Financial Records.

###

COPIES TO:

Rex E. Russo, Esq.
2655 LeJeune Road, PH 1D
Coral Gables, FL 33134
(Counsel for Debtors)

Peter D. Russin, Esq.
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Blev.
Miami, Fla.  33131
(Counsel for Peter Fullerton)

Drew M. Dillworth, Chapter 7 Trustee
2200 Museum Tower
150 West Flagler Street
Miami, Florida 33130